IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEFINA M. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-00153-FM |
| | § | |
| BELT CON CONSTRUCTION, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER REGARDING DEFENDANT'S DISMISSAL MOTION**

On this day, the court considered Defendant Belt Con Construction, Inc.'s ("Defendant") "Defendant's Motion for Judgment on the Pleadings" ("Motion") [ECF No. 6], filed June 29, 2015; Plaintiff Josefina M. Hernandez's ("Plaintiff") "Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings" ("Response") [ECF No. 8], filed July 13, 2015; and "Defendant's Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings" ("Reply") [ECF No. 9], filed July 23, 2015. After considering the Motion, Response, Reply, and applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**I.   BACKGROUND**

  *A.   Procedural History*[1]

Plaintiff pleads the following facts underlying her cause of action: (1) She is a former employee of Defendant;[2] (2) she was sexually harassed by a co-worker, Edgar Espejel ("Espejel"), on or about December 28, 2012;[3] (3) after she immediately reported this incident to Defendant's owner, Raymundo

---

[1] The underlying allegations are taken from "Plaintiff's First Amended Petition" ("Second Petition"). *See* "Notice of Removal," Ex. 3, ECF No. 1-3, at 26, Second Pet., filed May 20, 2015.

[2] *See id.* at 2 ¶ 7 (discussing Defendant's termination of Plaintiff).

[3] *Id.* ¶ 6.

Beltran ("Beltran"), Beltran sent Plaintiff home for a few days;[4] and (4) Defendant terminated Plaintiff on or about January 21, 2013 "in a final act of discrimination based on sex and in retaliation for previous complaints of discrimination."[5]

On November 15, 2013, Plaintiff filed a "Charge of Discrimination" ("EEOC Complaint") with the Equal Employment Opportunity Commission ("EEOC").[6] The EEOC Complaint alleges sexual harassment by Espejel on or about December 28, 2012, the subsequent time away from work, and Plaintiff's termination on or about January 21, 2013, and furthermore, asserts these actions violated Title VII of the Civil Rights Act of 1964 ("Title VII").[7] On September 10, 2014, the EEOC mailed Plaintiff a "Dismissal and Notice of Rights" ("Right-to-Sue Letter").[8] The date Plaintiff received the Right-to-Sue Letter is unknown.

On December 3, 2014, "Plaintiff's Original Petition" ("First Petition") was filed in the 168th Judicial District Court of El Paso County, Texas.[9] The First Petition raised the allegations asserted in the EEOC Complaint and advanced claims of "sex discrimination and retaliation."[10] However, the First Petition did not specify the statute under which Plaintiff's claims arose.[11]

---

[4] *Id.* ¶ 7. It is unclear whether Plaintiff contends she was discriminated against by being sent home for a few days.

[5] *Id.*

[6] *See* Def.'s Mot., Ex. A, EEOC Compl., ECF No. 6-1, at 2.

[7] *Id.* at 1–2.

[8] *See* Def.'s Mot., Ex. A, at 4, Right-to-Sue Letter.

[9] *See* Notice Removal, Ex. 3, at 1, First Pet.

[10] *Id.* at 2 ¶¶ 6–8. The First Petition's omission of a "sexual harassment" cause of action is legally irrelevant. Sexual harassment is a variety of sex discrimination. *See, e.g.*, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986) ("[A] claim of 'hostile environment' sex discrimination is actionable under Title VII."). Accordingly, a sexual harassment claim was implicitly included in the First Petition.

[11] Before Plaintiff filed her Second Petition, the parties engaged in discovery pursuant to Texas law. In response to Defendant's request to disclose legal theories underlying her claims, other than vaguely stating her termination was "in violation of the law," Plaintiff failed to indicate a statute. *See* Notice Removal, Ex. E, at 18,

On March 23, 2015, and after answering Plaintiff's claims,[12] "Defendant's Plea to the Jurisdiction" was filed in state court, contending Plaintiff had filed claims pursuant to Texas's analogue to Title VII, Chapter 21 of the Texas Labor Code ("Chapter 21"); and furthermore, such claims were barred as they were not timely presented to an administrative agency.[13]  In response, Plaintiff filed her Second Petition on April 29, 2015.[14]  The Second Petition restates Plaintiff's claims by asserting she is suing Defendant for "sex discrimination, sexual harassment, and retaliation in violation of Title VII."[15] Defendant removed the cause to this court on May 20, 2015 pursuant to 28 U.S.C. §§ 1331 and 1441.[16] Defendant moved to dismiss the Second Petition on June 29, 2015 and filed "Defendant's First Amended Answer to Plaintiff's First Amended Petition" ("Amended Answer") on August 3, 2015.[17]

Defendant's Motion contends all of Plaintiff's Title VII claims are time-barred because she did not assert claims pursuant to the statute within 90 days of receiving the Right-to-Sue Letter.[18] Furthermore, Defendant avers Plaintiff's claim for Espejel's sexual harassment was not timely exhausted with the EEOC, as the EEOC Complaint was filed more than 300 days after Espejel's harassment.[19] Although Plaintiff does not address the EEOC Complaint's timeliness in her Response, Plaintiff contends all the Title VII claims in the Second Petition were timely filed, as they relate back to her First Petition's

---

"Plaintiff's Responses to Defendant's Request for Disclosure" ("Plaintiff's Disclosures").

[12] *See* Notice Removal, Ex. 3, at 7, "Defendant Belt Con Construction, Inc.'s Original Answer" ("Original Answer").

[13] *See generally* Def.'s Mot., Ex. A, at 10, Def.'s Plea Jurisdiction.

[14] *See* Second Pet.

[15] *Id.* at 2 ¶ 8.

[16] *See* Notice Removal.

[17] *See* ECF No. 12.

[18] Def.'s Mot. 4.

[19] *Id.* at 4–5.  Defendant does not dispute that Plaintiff's other claims have been timely exhausted.

filing.[20]

## II.  APPLICABLE LAW

Before evaluating Defendant's Motion, it is necessary to address a procedural obstacle that is no fault of the parties. Defendant seeks dismissal of this case pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").[21] Rule 12(c), which governs motions for judgment on the pleadings, states a party may make such a motion only "[a]fter the pleadings are closed."[22] Pleadings are closed when all claims have been answered by a responsive pleading.[23] For purposes of the Federal Rules of Civil Procedure, Rule 12 motions are not responsive pleadings.[24]

Defendant's Original Answer was filed under the assumption Plaintiff was asserting Chapter 21 claims, rather than Title VII claims.[25] However, Plaintiff is currently asserting Title VII claims, and Defendant did not expressly answer those claims with a responsive pleading until it filed its Amended Answer. Although the Original Answer contained a general denial,[26] which "extend[s] to all matters

---

[20] *See* Pl.'s Resp. 3 ¶ 8 (contending Plaintiff's Second Petition "relates back to her [First] Petition . . . and makes it clear to Defendant that Plaintiff is su[ing] for sexual harassment and retaliation under Title VII"). Although this statement does not expressly mention sex discrimination, the court will assume it is encompassed by the two listed categories.

[21] Def.'s Mot. 1.

[22] Fed. R. Civ. P. 12(c).

[23] *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (treating a motion to dismiss for failure to state a claim, filed pursuant to Rule 12(b) and after an answer, as a motion for judgment on the pleadings).

[24] *See* Fed. R. Civ. P. 7(a) (enumerating seven kinds of filings as allowable pleadings, none of which is a motion); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 911 (5th Cir. 1993) (holding a motion to dismiss is not a "pleading" for purposes of Federal Rule of Civil Procedure 15(a)).

[25] *Compare* Original Answer 1 (asserting that compensatory and punitive damages requested by Plaintiff "are statutorily capped pursuant to Chapter 21 of the Texas Labor Code and/or Chapter 41[ ]of the Texas Civil Practice and Remedies Code"), *with* 42 U.S.C. § 1981a(b)(3) (imposing various caps on Title VII actions for "[t]he sum of the amount of compensatory damages . . . and the amount of punitive damages").

[26] Original Answer 1.

[Plaintiff] subsequently set up" in state court,[27] the First Petition's vagueness makes it unclear whether Title VII claims were subsequently set up by the Second Petition. Accordingly, the court will assume, without deciding, the pleadings remained open for Rule 12 purposes when Defendant's Motion was filed. Under this assumption, Defendant's Motion would not entitle it to relief under Rule 12(c).

Even so, Defendant's Motion may be evaluated under Rule 12(b)(6), which governs motions to dismiss for failure to state a claim upon which relief can be granted.[28] Courts are permitted to treat Rule 12(c) motions as Rule 12(b)(6) motions, and vice versa, depending on whether pleadings were closed before the motion was filed.[29] As Defendant's Motion was filed before its Amended Answer, Defendant's Motion would have been timely if it was filed pursuant to Rule 12(b)(6), rather than Rule 12(c).[30]

It would be a waste of legal resources to compel Defendant to refile its Motion with identical arguments. Motions filed pursuant to Rules 12(b)(6) and 12(c) are evaluated under the same standard.[31] Therefore, although Defendant's Motion was filed pursuant to Rule 12(c), it will be evaluated under Rule 12(b)(6).

Under Rule 12(b)(6), "[t]he central issue is whether, in the light most favorable to the plaintiff,

---

[27] Tex. R. Civ. P. 92.

[28] *See* Fed. R. Civ. P. 12(b)(6).

[29] *See Jones*, 188 F.3d at 324 (approving the district court's treatment of the defendants' Rule 12(b) motion as a Rule 12(c) motion, due to the motion being filed after an answer); *Boswell v. Honorable Governor of Tex.*, 138 F. Supp. 2d 782, 784–85 (N.D. Tex. 2000) (citing *Jones*, 188 F.3d at 324; *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs.*, 850 F.2d 904, 909 n.2 (2d Cir. 1988); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 & n.2 (2d Cir. 1977)) ("When a defendant . . . raises the defense of failure to state a claim upon which relief may be granted in a motion for judgment on the pleadings, a court may simply treat the motion as if it were a motion to dismiss.").

[30] *See* Fed. R. Civ. P. 12(b) (stating a Rule 12(b) motion "must be made before pleading if a responsive pleading is allowed").

[31] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

the [operative pleading] states a valid claim for relief."[32] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[33] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] Extrinsic evidence normally may not be considered for a Rule 12(b)(6) motion.[35] However, Rule 12(b)(6) permits courts to consider "documents attached to [the] motion . . . when the documents are referred to in the pleadings and are central to a plaintiff's claims."[36]

### III.   DISCUSSION

Defendant avers Plaintiff's Title VII claims are untimely based on when she asserted them with the EEOC and in state court. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."[37] In order to exhaust administrative remedies with the EEOC, a person must timely file an administrative complaint within 300 days after learning of the alleged conduct.[38] When a complainant receives notice from the EEOC of her right to sue, the complainant has 90 days to

---

[32] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[33] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[35] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[36] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted).

[37] *McClain v. Lufkin Indus., Inc.* 519 F.3d 264, 273 (5th Cir. 2008) (citation omitted).

[38] 42 U.S.C. § 2000e-5(e)(1); *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (citing 42 U.S.C. § 2000e-5(e)(1)).

file a civil action.[39]  In light of these requirements, the court will analyze whether Plaintiff's claims are timely.

   *A.  Administrative Exhaustion (Sexual Harassment Claim)*

  As Plaintiff's Second Petition refers to both the EEOC Complaint and the Right-to-Sue Letter,[40] and furthermore, administrative exhaustion is essential to Plaintiff's Title VII claims,[41] those administrative filings may be considered in evaluating Defendant's Motion.

  Title VII's administrative mechanisms play an essential role in the statute's remedial scheme.[42] As the Fifth Circuit has noted, "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims."[43]  The administrative filing deadline creates an incentive for wronged parties to quickly present claims to the EEOC for investigation and resolution.  "By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination."[44]  Even though it may appear inequitable to dispose of a claim solely because it has not been properly exhausted, "[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would . . . peremptorily substitute litigation for conciliation."[45] These principles guide the analysis of Plaintiff's sexual harassment claim.

---

[39] 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted).

[40] *See* Second Pet. 2 ¶ 8 (asserting "Plaintiff filed a complaint with the EEOC" and "has received a notice of her right to sue from the EEOC").

[41] *McClain*, 519 F.3d at 273.

[42] *See id.* at 272 ("Failure to exhaust is not a procedural 'gotcha' issue.  It is a mainstay of proper enforcement of Title VII remedies.").

[43] *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006).

[44] *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980).

[45] *McClain*, 519 F.3d at 273.

In order to meet Title VII's exhaustion requirements, Plaintiff had to file her EEOC Complaint within 300 days of underlying wrongdoing. As Plaintiff filed her EEOC Complaint on November 15, 2013,[46] it was timely with regard to conduct occurring on or later than January 19, 2013. Plaintiff's Second Petition asserts she was sexually harassed by Edgar Espejel "[o]n or about December 28, 2012."[47] Insofar as Espejel's conduct actually occurred on December 28th, Plaintiff's sexual harassment claim was untimely presented to the EEOC.

On the other hand, Plaintiff's Second Petition *estimates* the date of Espejel's harassment. Alleging harassment occurred "[o]n or about December 28, 2012" is possibly consistent with the harassment actually occurring on January 19, 2013 or later. However, for Plaintiff's claim to proceed, pleaded facts must show more than a possibility the harassment occurred no earlier than January 19th; they must show it is *plausible* the harassment occurred no earlier than January 19th.[48] After due consideration, Plaintiff's allegation that harassment occurred on or about December 28th does not make it plausible that harassment occurred on or later than January 19th. Plaintiff has provided no cases, and the court is not familiar with any, where a gap of twenty-two days or more between an estimated date and a filing deadline nevertheless plausibly demonstrated a filing's timeliness.

Although it might seem unfair to dispose of Plaintiff's claim on procedural grounds without considering the merits, the court cannot reach a different result. A failure to exhaust Title VII claims requires dismissal, and retaining unexhausted Title VII claims is beyond the court's authority.[49]

---

[46] *See* EEOC Compl.

[47] Second Pet. 2 ¶ 6.

[48] *See Twombly*, 550 U.S. at 546 (holding a claim "stop[ped] short of the line between possibility and plausibility").

[49] *See* 42 U.S.C. § 2000e-5(e)(1) (stating a complaint "shall" be filed with the EEOC within particular deadlines); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("'[S]hall' makes the act of filing a charge within the specified time period mandatory.") (citation omitted); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion."). It is unnecessary to evaluate whether exhaustion requirements can be waived, as Defendant's

Therefore, Plaintiff's claim regarding Espejel's sexual harassment will be dismissed without prejudice.

      B.      *Statute of Limitations (Remaining Claims)*

Plaintiff has asserted her remaining claims for sex discrimination and retaliation by Raymundo Beltran and/or Defendant in both of her petitions, although the Second Petition is the only one expressly mentioning Title VII. Title VII requires claims to be filed in court within 90 days after receiving a right-to-sue letter.[50] Plaintiff's Right-to-Sue Letter was mailed on September 10, 2014; therefore, Plaintiff could timely file suit under Title VII as late as December 16, 2014.[51] Although Plaintiff's First Petition was filed before this deadline, Plaintiff's Second Petition was not. As Plaintiff expressly mentioned Title VII for the first time in her Second Petition, Defendant contends Plaintiff's remaining Title VII claims were untimely filed.[52]

As Plaintiff filed both petitions in Texas state court, they must be evaluated under Texas procedural law, rather than the Federal Rules of Civil Procedure.[53] The applicable statute is Texas Civil Practice and Remedies Code § 16.068 ("section 16.068"):

> If a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.[54]

---

Motion asserts Plaintiff's failure to exhaust her claim requires dismissal.

[50] 42 U.S.C. § 2000e-5(f)(1); *Books a Million*, 296 F.3d at 379 (citation omitted).

[51] This date is ninety-seven days after the letter was mailed. As the date Plaintiff received the letter is unknown, the court could presume Plaintiff had up to seven additional days to file suit based on the mailing date. *Books a Million*, 296 F.3d at 379–80. However, this presumption does not change the analysis.

[52] Def.'s Mot. 4.

[53] *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action *after it is removed from a state court*.") (emphasis added); *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (holding the Federal Rules of Civil Procedure "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court").

[54] Tex. Civ. Prac. & Rem. Code § 16.068.

To determine whether a claim relates back to an earlier pleading under this rule, a two-pronged test is used. "First, the original cause of action asserted in the first pleading must not have been time-barred when filed; and second, the amended pleading which changes the grounds of liability must not be wholly based on a new, distinct, or different transaction or occurrence."[55] As Plaintiff's pleadings are all based on the same allegations, only the first prong might support Defendant's argument.

Plaintiff's First Petition does not mention any law supporting her claims for relief. In order to evaluate whether section 16.068 preserves Plaintiff's remaining Title VII claims, the court must determine what statute gives rise to the claims asserted in Plaintiff's First Petition. Defendant characterizes Plaintiff's First Petition as pursuing claims solely under Chapter 21.[56] In contrast, Plaintiff contends not only that her First Petition asserted claims pursuant to Title VII, but also that she "never intended to file under Chapter 21."[57] This disagreement is critical because, although the First Petition could timely assert Title VII claims on December 3rd, any Chapter 21 claims would have been procedurally defective.

Chapter 21 claims "require[] an exhaustion of administrative remedies that begins by filing a[n administrative] complaint."[58] The complaint must be filed with the Texas Workforce Commission or the EEOC "not later than the 180th day after the date the alleged unlawful employment practice occurred."[59] Accordingly, Plaintiff was required to file an administrative complaint no later than July 20, 2013 (180

---

[55] *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 421–22 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citation omitted).

[56] Def.'s Mot. 2–3.

[57] Pl.'s Resp. 3 ¶ 8.

[58] *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010) (citations omitted); *see also* Tex. Lab. Code § 21.201.

[59] Tex. Lab. Code § 21.202(a); *see also Tex. Dep't of Aging & Disability Servs. v. DeLong*, 441 S.W.3d 538, 541 (Tex. App.—El Paso 2014, pet. denied) (discussing how filing a complaint with the EEOC "has the same effect" as filing a complaint with the state agency for exhaustion purposes under Chapter 21).

days after her termination).  Because Plaintiff's EEOC Complaint was filed almost four months after this deadline, Chapter 21's exhaustion requirement has not been fulfilled.[60]  As a failure to exhaust Chapter 21's administrative remedies can cause a claim to be time-barred,[61] section 16.068 does not save Plaintiff's remaining Title VII claims unless the First Petition asserted Title VII claims.[62]

After due consideration, the First Petition should be construed as seeking relief under Title VII, rather than Chapter 21.  The Texas Supreme Court has observed that a state court petition "should be construed liberally in favor of the pleader."[63]  In doing so, courts "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated."[64]  Aside from timeliness issues, there is no dispute that the facts alleged in the First Petition are sufficient to state claims under Title VII.  As this interpretation is necessary to maintain Plaintiff's claims, the First Petition should be construed as advancing Title VII claims.

Defendant makes three arguments against this interpretation.  First, Defendant avers that by amending her First Petition, Plaintiff necessarily changed the basis of her claims from Chapter 21 to Title VII.[65]  This argument hinges on Texas Rule of Civil Procedure 62, which defines amendment of Texas

---

[60] As Plaintiff alleges she was sexually harassed before her termination, Chapter 21 required the sexual harassment claim to be presented to an agency even earlier.  Therefore, even when Plaintiff's sexual harassment claim is evaluated under Chapter 21, it remains subject to dismissal for failure to comply with exhaustion requirements.

[61] *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 491 (Tex. 1996) (per curiam).

[62] For purposes of this analysis, the court assumes all of the First Petition's claims were asserted pursuant to only one statute.  Neither party has argued that the First Petition asserted claims under both statutes, simultaneously.

[63] *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citation omitted).  The *Boyles* Court stated this rule does not necessarily apply if a special exception is filed.  *Id.*; *see also* Tex. R. Civ. P. 91 (governing special exceptions under the Texas Rules of Civil Procedure).  As Defendant's Plea to the Jurisdiction was not filed pursuant to Texas Rule of Civil Procedure 91, it was not a special exception.  *Compare* Def.'s Plea Jurisdiction 2 (contending the state court "lacks subject-matter jurisdiction" because of plaintiff's failure to timely file an administrative complaint), *with Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) (per curiam) (citing Tex. R. Civ. P. 91) ("Special exceptions are appropriate to challenge a plaintiff's failure to state a cause of action.").

[64] *Boyles*, 855 S.W.2d at 601 (citation omitted).

[65] Def.'s Reply 3.

state court petitions:

> The object of an amendment, as contra-distinguished from a supplemental petition or answer, is to add something to, or withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment, or to plead new matter, additional to that formerly pleaded by the amending party, which constitutes an additional claim or defense permissible to the suit.[66]

Defendant contends that, as the delineation of Title VII claims is the only substantive change in the Second Petition, Title VII claims must have been added to Plaintiff's case while Chapter 21 claims were withdrawn.[67]

Although Defendant's argument has some merit, it is not necessarily correct. Texas Rule of Civil Procedure 62 permits amendments not only to "plead new matter," but also "to correct that which has been incorrectly stated." Accordingly, the addition of Title VII references could reasonably be viewed as clarifying an ambiguity, rather than asserting different claims. As this discrepancy must be resolved in Plaintiff's favor,[68] Defendant's argument is not persuasive.

Second, Defendant asserts Plaintiff's Response's reliance on Federal Rule of Civil Procedure 15(c) and its relation-back procedure demonstrates Plaintiff amended her First Petition, thereby evincing Title VII claims were added to Plaintiff's case.[69] As previously explained, Plaintiff amending her First Petition is consistent with the First Petition containing Title VII claims. Consequently, Defendant's second argument is unavailing.

Defendant's final argument centers on the removability of this case. Defendant asserts this case could only have been timely removed if the First Petition did not assert Title VII claims, which would

---

[66] Tex. R. Civ. P. 62.

[67] Def.'s Reply 3.

[68] *Boyles*, 855 S.W.2d at 601 (citation omitted).

[69] Def.'s Reply 4; *see also* Pl.'s Resp. 3 ¶ 8. Because state law determines the posture of Plaintiff's Second Petition, Rule 15(c) cannot relate back Plaintiff's Second Petition to the First Petition.

implicate federal question jurisdiction.[70]  As Plaintiff has not moved to remand this case, Defendant asserts this evinces a lack of Title VII claims in the First Petition.[71]

The problem with Defendant's argument is that determining when federal claims are present for removal purposes is different from evaluating when claims are present under Texas's pleading rules.  In order for federal question jurisdiction to arise from a federal law claim (thereby implicating removal), such a claim must appear on the face of a complaint.[72]  Furthermore, in analyzing whether removal is supported by the federal court's jurisdiction, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[73]

The First Petition does not indicate whether Plaintiff's claims arise under state or federal law.  Consequently, Texas pleading rules and federal removal law construe the First Petition differently:  (1) As Plaintiff's claims are time-barred unless they are asserted under Title VII, Texas pleading law requires them to be construed as arising under Title VII; and (2) because the First Petition is ambiguous as to underlying law, the federal removal statute requires the claims to be construed as Chapter 21 claims.[74]  As Texas procedural law governs when Plaintiff's Title VII claims are deemed to have been filed for relation-back purposes, it does not matter whether federal removal law would provide a different filing date.

---

[70] *Id.* at 4–5 (citing 28 U.S.C. § 1446(b)(1)); *see also* 28 U.S.C. § 1331 (delineating federal question jurisdiction).

[71] *See* Def.'s Reply 7 ("If [Plaintiff asserted any federal claims in her First Petition], she would have surely moved to remand this lawsuit because Defendant did not (and could not) remove it within 30 days of receiving the [First P]etition.").

[72] *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

[73] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[74] The ambiguity also permitted post-amendment removal.  *See Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) ("[T]he removal clock began to run in the instant case only when the defendants received a pleading that revealed on its face that Leffall was asserting a cause of action based on federal law.").

As Plaintiff's First Petition was filed less than 90 days after she received the Right-to-Sue Letter, her Title VII claims regarding the actions of Beltran and/or Defendant were timely presented to a court.[75] Therefore, section 16.068 preserves Plaintiff's remaining Title VII claims.

## IV.     CONCLUSION

Accordingly, the court enters the following orders:

1. Defendant's Motion [ECF No. 6] is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff's Title VII claim for sexual harassment by Edgar Espejel is **DISMISSED WITHOUT PREJUDICE**; and

3. Defendant's request to dismiss Plaintiff's Title VII claims regarding Raymundo Beltran's and/or Defendant's actions is **DENIED**.

**SO ORDERED**.

**SIGNED** this **18th** day of **September, 2015**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[75] It is irrelevant that Plaintiff allegedly calculated a back pay damages amount in light of Chapter 21, rather than Title VII. *See* Def.'s Reply 7 n.1 (making this assertion concerning offsetting employment benefits). The amount was contained in a response to a request for disclosure, rather than the First Petition. *Compare* Pl.'s Disclosures 2–3 (offsetting lost wages by unemployment benefits), *with* First Pet. 3 ¶ 10a (seeking an unspecified amount of damages for "[l]ost wages and loss of wage earning capacity, past and future"). Accordingly, the information may not be considered in analyzing Defendant's Motion. *See* Fed. R. Civ. P. 12(d).